# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAGDALENO BENITEZ BAUTISTA,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-08624-EPG-HC

ORDER GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION

ORDER SETTING BRIEFING SCHEDULE

ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT

(ECF No. 3)

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 10, 12, 14.)

On October 19, 2026, Petitioner, proceeding *pro se* at the time, filed a petition for writ of habeas corpus, a motion for temporary restraining order ("TRO"), and a motion to appoint counsel. (ECF Nos. 1, 3, 4.) On October 20, 2026, the assigned district judge noted that "[b]ased on the current record, it appears Petitioner . . . is likely to succeed on at least one of his claims and that *some form* of immediate relief may be appropriate" and set a briefing schedule. (ECF No. 7 (alteration and emphasis added).)

\\\

On October 26, 2026, counsel for Petitioner filed a notice of appearance. (ECF No. 9.) On October 29, 2026, Respondents filed a motion to dismiss. (ECF No. 13.) On November 3, 2026, Petitioner filed a reply. (ECF No. 16.) Therein, Petitioner argues that Respondents arrested and detained him before issuing a notice to appear ("NTA") and arrested him without a warrant. (ECF No. 16 at 3–8.[1]) However, these claims were not raised in the petition, which only raised a prolonged detention due process claim. (ECF No. 1 at 6–17.) Additionally, the petition does not contain any allegations regarding being arrested without a warrant or before the issuance of the NTA. In the motion for TRO, Petitioner asserts that ICE violated its own regulations in detaining him "without a written warrant and pre-detention hearing," citing to 8 U.S.C. § 241.13(i)(2). (ECF No. 4 at 5–6.) However, 8 U.S.C. § 241.13(i)(2) "govern[s] how and when ICE may revoke the release of a noncitizen who has been ordered removed" and does not apply to noncitizens in Petitioner's situation. Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1162 (E.D. Cal. 2025).

The Court finds that Petitioner raises new arguments and theories for relief in the reply that were not presented in the petition and motion for TRO. Although the Court is "specifically directed to construe pro se pleadings liberally," United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020), the Court finds that granting Petitioner leave to file an amended petition to properly present the claims that he raises in the reply is appropriate. See Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner is GRANTED leave to file an amended petition.
2. Within **FOURTEEN (14) days** of the date of service of this order, Petitioner SHALL FILE a First Amended Petition ("FAP").
3. Within **FOURTEEN (14) days** of the date the FAP is filed in CM/ECF, Respondents SHALL FILE a Response to the FAP, including **addressing whether this case is distinguishable from those cases in which this Court has granted habeas relief**. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473–

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[2] A Response can be made by filing one of the following:

A. An Answer addressing the merits of the FAP. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the Answer but must also address the merits of the claim asserted.

B. A Motion to Dismiss the FAP.

4. Within **FOURTEEN (14) days** of the date the FAP is filed in CM/ECF, Respondents SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the FAP. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

5. If Respondent files an Answer to the FAP, Petitioner MAY FILE a Traverse within **SEVEN (7) days** of the date of service of Respondent's Answer. If no Traverse is filed, the FAP and Answer are deemed submitted at the expiration of the seven days.

6. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **SEVEN (7) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

7. Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED as MOOT.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. These dates should be considered as firm by all parties. If any party requires additional time, it should file a motion for amendment of the schedule before a

---

[2] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

deadline has passed and explain in detail why the party cannot comply with this schedule. Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: **November 11, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE